UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID ISAAC PACKER,

Debtor.

_____/

Case No: BG 15-06937
Chapter 13

## OPINION DENYING DEBTOR'S
## MOTION FOR RECONSIDERATION

Appearances:

John A. Potter, Esq., Grand Rapids, Michigan, attorney for David Isaac Packer
    (the "Debtor").

Andrew J. Gerdes, Esq., Lansing, Michigan, attorney for Creditor, Sandra Dieter.

I.    FACTS AND PROCEDURAL BACKGROUND.

This matter originally came before the Court on the Debtor's Objection to Claim 7-1 filed by Sandra Dieter.  Ms. Dieter is the Debtor's ex-spouse.  Prior to the filing of the Debtor's chapter 13 case, the Ingham County Circuit Court – Family Division ordered the Debtor to pay Ms. Dieter $25,000 in attorney's fees to compensate Ms. Dieter for expenses she incurred in litigating the parties' on-going child custody and visitation disputes.  In his objection to Ms. Dieter's claim, the Debtor alleged that the claim improperly classified the attorney fee award as a domestic support obligation.

This Court held an evidentiary hearing on the Debtor's objection to Ms. Dieter's claim on August 10, 2016.  Prior to the hearing, the parties filed a Stipulation of Facts. (Dkt. No. 46.)  In accordance with the stipulation, no witnesses were called at the hearing,

and six exhibits were admitted into evidence.  (See Transcript of Evidentiary Hearing held on August 10, 2016, Dkt. No. 54; herein, the "Bankruptcy Court Transcript.")  The exhibits included:

1.  The parties' Judgment of Divorce dated August 7, 2007 (Debtor's Exh. E);

2.  The Uniform Child Support Order – Modification entered by the state court on October 30, 2015 (Creditor's Exh. 5);

3.  The Motion for Attorney Fees filed by Ms. Dieter in the state court (Creditor's Exh. 2);

4.  The Debtor's response to the motion (Debtor's Exh. C);

5.  A transcript of the hearing on Ms. Dieter's motion that was held before Judge Baird of the Ingham County Circuit Court – Family Division on November 10, 2015 (Creditor's Exh. 4; herein the "State Court Transcript"); and

6.  The state court's November 10, 2015, order awarding Ms. Dieter $25,000 in attorney fees (Creditor's Exh. 1).

Counsel for the parties made argument at the hearing, and pointed the Court to those portions of the exhibits that were consistent with their respective legal positions.  At the conclusion of the evidentiary hearing, the Court took the matter under advisement.

On August 15, 2016, this Court issued a telephonic bench opinion.  (See Transcript of Telephonic Bench Opinion, Dkt. No. 55.)  For the reasons set forth on the record, the Court determined that Ms. Dieter's claim would be allowed as a domestic support obligation.  Accordingly, this Court entered an Order Overruling Debtor's Objection to Claim 7-1 filed by Sandra Dieter.  (Dkt. No. 50.)

On August 29, 2016, the Debtor filed his Motion for Reconsideration of the order overruling his objection to Ms. Dieter's claim.  The Debtor's motion asks the Court to reconsider, pursuant to Fed. R. Bankr. P. 3008, its determination that Ms. Dieter's claim is a domestic support obligation, and to make additional findings of fact pursuant to Fed.

R. Civ. P. 52.  In accordance with Bankruptcy Rule 3008, which permits this Court to decide motions for reconsideration of the allowance or disallowance of claims "after a hearing on notice," the Court entered a scheduling order permitting, but not requiring, Ms. Dieter to file a response to the Debtor's motion.  (Dkt. No. 57.)  The Court also held a telephonic hearing on the Debtor's motion on September 20, 2016.

## II.    DISCUSSION.

In bankruptcy cases, motions for reconsideration of orders allowing or disallowing claims are governed by 11 U.S.C. § 502(j) and Bankruptcy Rule 3008.[1]   When determining whether "cause" for reconsideration of allowance or disallowance of a claim exists, courts often "consider the length of time between entry of the order and the motion to reconsider" and analyze the motion under the standards that apply to motions to alter or amend judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b). In re SCBA Liquidation, Inc., 485 B.R. 153, 159-60 (Bankr. W.D. Mich. 2012); see also In re Aguilar, 861 F.2d 873, 874 (5th Cir. 1988) (noting that "a Rule 3008 motion filed within the [fourteen] day period is in fact analogous to a Rule 9023 or Fed. R. Civ. P. 59 motion"). Because the Debtor filed his motion within fourteen days after entry of the order allowing Ms. Dieter's claim as a domestic support obligation, the court will apply the standard that

---

[1]     To the extent the Debtor's motion asks this court to reconsider the classification of Ms. Dieter's claim as a domestic support obligation, rather than its allowance or disallowance, there may be some question as to whether § 502(j) and Rule 3008 apply.  See, e.g., Ruskin v. DaimlerChrysler Servs. North America, LLC (In re Adkins), 425 F.3d 296, 304 (6th Cir. 2005) (holding, in the context of chapter 13 trustee's attempt to reclassify a secured claim post-confirmation, that § 502(j) "addresses only the 'allowance' or 'disallowance' of claims, not the reclassification of an already-allowed claim") (citing In re Coffman, 271 B.R. 492, 497 (Bankr. N.D. Tex. 2002)). In this case, any such distinction is not material because the standard that applies to timely-filed motions under Rule 3008 is the same as the standard that generally applies to motions to alter or amend a judgment under Rule 9023.

governs requests to alter or amend judgment under Rule 59(e).  See Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023 (making Rule 59 applicable in bankruptcy cases and requiring motions to alter or amend to be filed "no later than 14 days after entry of judgment").

Alteration or amendment of a judgment under Rule 59(e) is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  See GenCorp. Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).   Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued."  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992).

The Debtor's motion also asks this Court to make additional findings under Fed. R. Civ. P. 52.  Rule 52(b) provides:

> On a party's motion filed no later than [14] days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b); see also Fed. R. Bankr. P. 7052 (stating that motions under Rule 52(b) must be filed no later than 14 days after entry of judgment in bankruptcy adversary proceedings, rather than 28 days as provided in Rule 52(b)); Fed. R. Bankr. P. 9014 (Bankruptcy Rule 7052 is applicable in contested matters).

The main purpose of Rule 52(b) is "to create a record upon which the appellate court may obtain the necessary understanding of the issues to be determined on appeal." See In re St. Marie Development Corp. of Montana, Inc., 334 B.R. 663, 675 n.3 (Bankr. D. Mont. 2005); see also 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2582 (3d ed. 2015).   A motion to amend under Rule 52(b) may be used "to clarify essential findings or conclusions, correct errors of law or fact, or to present newly discovered evidence." 10 Collier on Bankruptcy ¶ 7052.03 (16th ed. 2015) (citing Wal-Mart Stores, Inc. v. El-Amin (In re El-Amin), 252 B.R. 652, 656 (Bankr. E.D. Va. 2000) (the purpose of the rule is to correct an "egregious error of law or fact, not the resubmission of unsuccessful arguments")) (additional citations omitted).   Rule 52(b) motions are not to be used to obtain a re-hearing on the merits or to raise arguments that could have been made before the court's earlier ruling.   In re Busch, 369 B.R. 614, 621 (Bankr. 10th Cir. 2007); Wilkerson v. Debaillon, 2013 WL 3803972 at *7 (W.D. La. July 18, 2013) (unpublished opinion); MidWestOne Bank & Trust v. Commercial Fed. Bank, 331 B.R. 802, 813 (S.D. Iowa 2005).

In support of his requests to reconsider under Rule 59(e) and to make additional findings under Rule 52(b), the Debtor argues that this Court committed clear or egregious errors of law by:  (1) giving evidentiary weight to Creditor's Exhibit 5, which was the Uniform Child Support Order – Modification entered in the underlying circuit court case on October 30, 2015, and (2) not accepting the Debtor's arguments that he did not receive, but was entitled to, an evidentiary hearing in state court concerning attorney fees.

First, this Court gave great weight to the transcript of the state court proceeding concerning attorney fees.  See Creditor's Exh. 4.  It is clear from the state court transcript that the court considered the income disparities between the parties, and the attorney fees incurred.  The state court also found that Ms. Dieter's attorney fees were incurred as a result of the Debtor's behavior.  See State Court Transcript, at 25-26.  It is also apparent from the transcript that the state court judge had great familiarity with the file.  See State

Court Transcript, at 24.   The uniform child support order was admitted into evidence at the hearing on the Debtor's objection to claim in this Court by stipulation of the parties, including the Debtor.  See Bankruptcy Court Transcript, at 7-8.  The uniform child support order was entered on October 30, 2015, just eleven days prior to the November 10, 2015, hearing on attorney fees.  That order includes findings of income for both parties, which are not materially different from the income amounts set forth on the record during the November 10 hearing on attorney fees.  Although the uniform child support order was not specifically referenced by the state court during the hearing, its admission here and its findings of income are certainly relevant to the question of what factors were considered by the state court when determining the attorney fee issue.  This Court does not give great weight to the uniform child support order itself, but it does not take a huge leap to infer that the state court considered this order – entered by the same judge just eleven days prior – when it made the attorney fee determination.

Second, the record before this Court established that the state court considered the income disparities between the parties, the attorney fees incurred, and its finding that the Debtor was at fault for Ms. Dieter incurring those fees when it awarded the fees to Ms. Dieter.  In his motion, the Debtor argues that he was entitled to an evidentiary hearing before the state court made this determination, or at least, that the state court's failure to hold an evidentiary hearing distinguishes this case from other instances in which DSO awards have been found to be reasonable.  See Debtor's Motion for Reconsideration, Dkt. No. 57 at 3 ("Based on the aforementioned lack of any kind of evidentiary hearing, Debtor in this case was given no opportunity for an evidentiary hearing, belying the Court's reliance on Rugiero [v. DiNardo (In re Rugiero), 502 F. App'x 436 (6th Cir. Oct.

10, 2012)] being somehow similar factually to the instant case.").  However, during the evidentiary hearing before this Court, counsel for the Debtor admitted that the state court was not required to hold an evidentiary hearing before awarding attorney fees.  See Bankruptcy Court Transcript, at 35 ("[A]s far as the state court is concerned, even though there's no requirement for an evidentiary hearing under the court order, or under the court rule that is relied on for the state court to impose these attorney fees, there still has to be, you know, a modicum of facts or evidence that would support that.")

The standard for allowance of attorney fees under Michigan law has been stated by the Michigan Court of Appeals as follows:

> It is within the discretion of the trial court to award attorney fees in domestic relations cases.  Reed v. Reed, 265 Mich. App. 131, 164, 693 N.W.2d 825 (2005), citing MCL 552.13; MCR 3.206(C).  "A party to a divorce action may be ordered to pay the other party's reasonable attorney fees if the record supports a finding that such financial assistance is necessary to enable the other party to defend or prosecute the action." Stackhouse v. Stackhouse, 193 Mich. App. 437, 445, 484 N.W.2d 723 (1992).  An award of legal fees is also authorized where the party requesting the fees has been forced to incur them as a result of the other party's unreasonable conduct.  Id.  The party requesting the attorney fees has the burden of showing facts sufficient to justify the award. MCR 3.206(C)(2); Reed, supra at 165-166, 693 N.W.2d 825.

Borowsky v. Borowsky, 273 Mich. App. 666, 687, 733 N.W.2d 71, 83 (2007).

The evidence before this Court establishes that, when the attorney fee issue was raised before the state court judge, Debtor's counsel complained that Ms. Dieter's counsel would not grant an adjournment of the hearing.  The attorney who appeared at the hearing on the Debtor's behalf also argued that he was not as familiar with the file as Debtor's primary counsel, Attorney Jernigan.  The state court judge was not persuaded by these arguments and made clear that she was not going to schedule another hearing on the motion.  See State Court Transcript, p. 15-18.   The state court judge obviously believed

that Ms. Dieter had established facts sufficient to justify the attorney fee award, and that the record before the court supported her decision.

In this Court, it is the Debtor's burden to show that the amount of the domestic support obligation ("DSO") is unreasonable in light of the Debtor's financial circumstances.  Sorah v. Sorah (In re Sorah), 163 F.3d 397, 402 (6th Cir. 1998).   As this Court pointed out in its bench opinion allowing Ms. Dieter's claim as a DSO, the Debtor presented no evidence at the evidentiary hearing before this Court to challenge the reasonableness of the attorney fee award.  The parties agreed that they would call no witnesses at the evidentiary hearing, and agreed to the admission of several exhibits, none of which addressed the issue of reasonableness.  At the hearing on the Debtor's Motion for Reconsideration, counsel for the Debtor argued that the Court should have considered the Debtor's Schedules I and J in making a reasonableness determination. However, Schedules I and J were not admitted into evidence at the original hearing, nor did the Debtor ask the Court to take judicial notice of the fact they had been filed. Similarly, although counsel for the Debtor generally suggested that the income reflected in the most recent amendments to the Debtor's bankruptcy schedules was slightly less than the amount relied upon by the state court, the Debtor did not raise any specific arguments about how Schedules I and J might establish a fundamental change in the parties' relative financial circumstances since entry of the state court order, or how such a change might otherwise bear on a reasonableness determination.  Since no witnesses were called at the hearing, the Debtor did not provide testimony concerning the contents of Schedule I and J, and Ms. Dieter did not have the opportunity to cross-examine the Debtor regarding the information reflected in his schedules.  The Debtor simply did not

meet his burden at the evidentiary hearing, and now has not met his burden on his Motion for Reconsideration.  This Court will not and cannot sit as a "super-divorce" court and second-guess the determination of the state court judge who found that, on the record before her, Ms. Dieter had established facts sufficient to justify the attorney fee award, particularly when no evidence was presented before this Court to challenge the reasonableness of the award.

For the reasons set forth herein, the Debtor's Motion for Reconsideration is DENIED under both Rule 59(e) and Rule 52(b).  A separate order shall be entered accordingly.

**IT IS SO ORDERED.**

**Dated October 7, 2016**





James W. Boyd
United States Bankruptcy Judge